UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |
|---|---|
| CAREFIRST OF MARYLAND, INC., GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC., and CARE-FIRST BLUECHOICE, INC., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMGEN, INC., IMMUNEX CORPORATION, and AMGEN MANUFACTURING LIMITED LLC, <br><br> Defendants. | Civil No. 2:24cv484 |

## ORDER

Pending before the Court are a Motion to Stay Pending Interlocutory Appeal (the "Motion") (ECF No. 98) and a Memorandum in Support thereof (ECF No. 99) filed by Defendants Amgen, Inc., Immunex Corporation, and Amgen Manufacturing Limited LLC (collectively, "Defendants" or "Amgen"). The Court has determined that a hearing on the Motion is unnecessary, as the issues for decision are adequately presented in the briefs. *See* E.D. Va. Local Civ. R. 7(J). For the following reasons, the Motion (ECF No. 98) is **GRANTED**.[1]

---

[1] Also pending before the Court are a Joint Motion for an Amended Scheduling Order (the "Joint Motion") (ECF No. 95) and a Memorandum in Support thereof (ECF No. 96). Therein, the parties request that the Court enter an agreed-upon schedule for various deadlines in this case. *See generally* Mem. Supp. ECF No. 96. As the instant Order stays the case, the Joint Motion (ECF No. 95) is **DISMISSED as moot**.

## I.   BACKGROUND

### A.   Factual Background

The Court incorporates the factual background of this case from its September 30, 2025 Order. *See* Order at 2–15, ECF No. 66. Plaintiffs Carefirst of Maryland, Inc., Group Hospitalization and Medical Services, Inc., and CareFirst BlueChoice, Inc. (collectively, "Plaintiffs" or "CareFirst") bring this case against Defendants, alleging that Amgen unlawfully delayed competition for Amgen's blockbuster drug, Enbrel. Second Am. Compl. ¶ 1, ECF No. 52.

### B.   Procedural History

On November 25, 2024, CareFirst, on behalf of themselves and all others similarly situated, filed its Second Amended Complaint in this Court. *See generally id.* Therein, CareFirst brings one federal claim and three state claims for relief. *Id.* ¶¶ 213–711. Count 1 alleges that Amgen knowingly, willfully, and improperly maintained its monopoly power and engaged in anticompetitive conduct in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. *Id.* ¶¶ 213–227. Count 2 alleges that Amgen engaged in monopolization and monopolistic conduct in violation of the laws of 30 states, Puerto Rico, and the District of Columbia. *Id.* ¶¶ 228–246. Count 3 alleges that Amgen violated the consumer protection laws of 36 states and the District of Columbia. *Id.* ¶¶ 247–487. Count 4 alleges that Amgen engaged in unlawful and inequitable conduct constituting unjust enrichment in violation of the laws of 48 states, Puerto Rico, and the District of Columbia. *Id.* ¶¶ 488–711.

On January 8, 2025, Amgen filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss"). Mot., ECF No. 55. On September 30, 2025, the Court issued an Order granting in part and denying in part Amgen's Motion to Dismiss. Order, ECF No. 66. Therein, the Court grappled with two unsettled legal questions, regarding whether the acquisition of patent applications can constitute anticompetitive conduct, and whether the causal chain of an antitrust violation that causes a downstream antitrust injury is broken by intervening government action. *Id.* at 30–39. Acknowledging that such questions were novel or were the subject of disagreement amongst certain courts, the Court denied the Motion to Dismiss in full as to Counts 1 and 3 and denied it in part as to Counts 2 and 4. *Id.* at 56 –57.

On October 20, 2025, Amgen filed a Motion for Certification Under 28 U.S.C. § 1292(b) (the "Motion for Interlocutory Appeal"). Mot., ECF No. 69. Therein, Amgen requested that the Court certify its September 30, 2025 Order ruling on Amgen's Motion to Dismiss (ECF No. 66) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) to allow the United States Court of Appeals for the Fourth Circuit to resolve the two unsettled legal questions. Mem. Supp. at 6–7, ECF No. 70.[2] On March 18, 2026, the Court granted Amgen's Motion for Interlocutory Appeal. Order, ECF No. 97. The Court further directed the parties that if either party intended to move to stay the case pending the Fourth Circuit's review, that such a motion should be filed no later than April 1, 2026. *Id.* at 13.

---

[2] This Order uses ECF-generated pagination.

On March 27, 2026, Amgen filed its petition for permission to appeal with the Fourth Circuit. Pet., *Amgen Inc. v. Carefirst of Md., Inc.*, No. 26-139 (4th Cir. Mar. 27, 2026). On April 1, 2026, Amgen filed the instant Motion requesting a stay pending the interlocutory appeal. Mot., ECF No. 98; Mem. Supp. at 6–7, ECF No. 99. On April 15, 2026, CareFirst filed its response opposing a stay. Resp. Opp'n, ECF No. 105. Therein, CareFirst asks the Court to deny Amgen's Motion on the basis that Amgen sought a stay *before* the Fourth Circuit had ruled on Amgen's petition to appeal. *Id.* at 6. However, CareFirst concedes that, if the Fourth Circuit were to grant Amgen's petition to appeal, the Court should order a limited stay and allow four categories of discovery to proceed. *Id.* at 6–7. On April 20, 2026, the Fourth Circuit accepted Amgen's appeal. Order of USCA, ECF No. 106. On April 21, 2026, Amgen filed a reply, acknowledging that the Fourth Circuit had done so, and opposing CareFirst's request for four categories of discovery to proceed amidst a stay of the case. Reply, ECF No. 108. The Motion is ripe for adjudication.

## II.   LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The decision to 'stay proceedings in the district court' pending resolution of an interlocutory appeal is left 'to the district judge or the Court of Appeals.'" *Bradley v. DentalPlans.com*, No. 20cv1094, 2024 WL 5158791, at *7 n.4 (D. Md. Dec. 18, 2024) (citing 28 U.S.C. § 1292(b)). District courts consider the following three factors when

4

determining whether to stay a case pending interlocutory appeal: "(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Amazon.com, Inc. v. WDC Holdings LLC*, No. 1:20cv484, 2023 WL 7272350, at \*1 (E.D. Va. Aug. 30, 2023) (citation omitted).

## III.   ANALYSIS

Here, all three factors weigh in favor of staying this case until resolution by the Fourth Circuit. First, with respect to the interests of judicial economy, "where the [appellate court] may shortly provide definitive guidance on key legal questions that could impact the viability of some or all of the claims asserted by Plaintiffs, considerations of judicial economy strongly counsel in favor of a stay." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 734 (D. Md. 2018). Here, as noted in the Court's Order granting Amgen's Motion for Interlocutory Appeal, "[i]f the Fourth Circuit accepts interlocutory review and deems that a reversal on either [unsettled question of law] is necessary . . . such an outcome would save the judiciary, Plaintiffs, and Defendants, years of costly litigation." Order at 6—7, ECF No. 97. Furthermore, "antitrust discovery is complex and expensive . . . [and] proceeding with the antitrust action now could force the parties to engage in expensive, time-consuming, and potentially pointless antitrust discovery." Order at 9, *Complete Genomics, Inc. v. Illumina, Inc.*, No. 21cv217 (N.D. Cal. Mar. 30, 2021), ECF No. 43 (internal citation omitted). Given that the Fourth Circuit is reviewing this Court's ruling and may issue a decision with a profound impact on the remainder of this case, proceeding to discovery at

5

this stage is plainly at odds with principles of judicial economy. Further, in addition to discovery practice straining *the parties'* resources, adjudicating discovery disputes that may become moot would place a significant strain on the *Court's* resources. *See Cazorla v. Koch Foods of Mississippi, LLC*, No. 3:10cv135, 2015 WL 3970606, at *4 (S.D. Miss. June 30, 2015) (granting a motion for interlocutory appeal and a motion to stay within the same order and noting that "all parties would benefit from a stay at this juncture . . . conducting the disputed discovery will be costly and time consuming."). Therefore, the first factor weighs in favor of granting a stay.

Second, Amgen has sufficiently demonstrated that it would suffer hardship and inequity if this case were not stayed pending the Fourth's Circuit resolution of the appeal. Amgen argues that the motions practice and burdens of discovery would be significant, and "would impose substantial burdens of time and expense on all parties that could be avoided through a stay." Mem. Supp. at 14, ECF No. 99 (quoting *Amazon.com*, 2023 WL 7272350, at *1). Amgen further provides that the burdens of letting discovery proceed would extend to expert discovery, citing another antitrust case in this district, where CareFirst submitted reports from 14 experts at this class certification stage alone. *Id.* (citing Decl., *Carefirst of Md., Inc. v. Johnson & Johnson*, No. 2:23cv629 (E.D. Va. Apr. 30, 2025), ECF No. 349). Allowing complex and expensive discovery to proceed imposes a hardship upon Defendants which cannot be reversed or narrowed if the Fourth Circuit resolves either of the aforementioned questions of law in Amgen's favor. *See Occupy Columbia v. Haley*, No. 3:11cv3253, 2013 WL 12380290, at *1 n.2 (D.S.C. Mar. 18, 2013) ("Defendants will be irreparably

harmed if they are subjected to discovery while the appeal is pending."). Therefore, the second factor also weighs in favor of a stay.

With respect to the third factor—potential prejudice to CareFirst—CareFirst argues that "the proposed class continues to pay Amgen's monopolist prices for etanercept . . . proposed class members cannot recover their overcharge damages under the laws of twenty states . . . [a]s a result, an injunction is the only way for the proposed class to obtain full relief. Because the value of such an injunction diminishes with every day, the delay a stay introduces benefits Amgen while harming the proposed class." Resp. Opp'n at 10, ECF No. 105. The Court is only moderately sympathetic to CareFirst's arguments for urgency where Plaintiffs allege that they were injured as early as 2016, but waited until 2024 to file the instant lawsuit and to seek injunctive relief. *See generally* Am. Compl, ECF No. 52. "[T]he [non-moving party's] delays in pursuing suit and seeking preliminary injunctive relief belie its claims that it will be unduly prejudiced by a stay." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1320 (Fed. Cir. 2014). Given that backdrop, and given that "the most recent official statistics indicate that the median time to decision for an appeal to the Fourth Circuit is about nine months," the Court finds that the potential prejudice to CareFirst is limited. Mem. Supp. at 16, ECF No. 70. Therefore, while the Court sympathizes with CareFirst's desire to obtain the speediest relief possible for the proposed class, this factor does not outweigh the other two factors which weigh in favor of a stay.

CareFirst conceded that the Court should grant a stay in the event that the Fourth Circuit permitted Amgen to appeal, which the Fourth Circuit has now done. Resp. Opp'n at 6, ECF No. 105; Order, ECF No. 106. However, CareFirst asks this Court to grant only a partial stay, and to allow four narrow categories of discovery to proceed while the rest of the case is stayed, arguing that such categories would not be burdensome for Defendants and that discovery disputes are unlikely to ensue. *See generally* Resp. Opp'n at 6, ECF No. 105. However, Defendants dispute those characterizations. *See* Reply at 4, ECF No. 108 ("The discovery that Plaintiffs argue should go forward is neither narrow nor undisputed. It is, in fact, broad and likely to generate disputes that the Cout will need to resolve.") Moreover, CareFirst did not cite a single case where a Court has taken such an approach and granted a partial stay while allowing some categories of discovery to proceed. Absent supporting precedent, the Court declines to follow such a course of action. Accordingly, the Motion (ECF No. 98) should be granted.

## IV.   CONCLUSION

For the foregoing reasons, the Motion (ECF No. 98) is **GRANTED**. The above-captioned case is hereby **STAYED** pending resolution from the United States Court of Appeals for the Fourth Circuit. The Clerk is **REQUESTED** to forward a copy of this Order to counsel of record for all parties.

**IT IS SO ORDERED.**

/s/

Arenda L. Wright Allen
Senior United States District Judge

June 10, 2026
Norfolk, Virginia